| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION COUNTY SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. |

SARAH DENNIS, )
)
      Plaintiff, )
)
v. )
)
OFFICER ZANE FAW, )
OFFICER RYAN MCKEE, )
and the CITY OF INDIANAPOLIS, )
)
      Defendants. )

## COMPLAINT FOR DAMAGES

Comes now the Plaintiff Sarah Dennis ("Sarah"), by counsel, and for her Complaint for Damages, states as follows:

### PARTIES

1. Sarah was at all relevant times a resident of Marion County, Indiana.

2. Defendant Zane Faw ("Officer Faw") was, at all relevant times, a duly appointed police officer of the City of Indianapolis, Indiana ("City of Indianapolis"), and was acting under color of state law.

3. Defendant Ryan McKee ("Officer McKee") was, at all relevant times, a duly appointed police officer of the City of Indianapolis and was acting under color of state law.

### FACTS COMMON TO ALL COUNTS

4. On June 18, 2021, shots were fired at Sarah and into her vehicle in the vicinity of Hawthorne Place Apartments, 5244 E. 32nd Street, in Marion County, Indiana.

5. Sarah immediately called 911 seeking police assistance.

6. Several Indianapolis police officers, including Officer Faw and Officer McKee,

responded.

7. Officer Faw and Officer McKee detained and handcuffed Sarah after she attempted to retrieve belongings from her motor vehicle which officers alleged was "evidence."

8. Thereafter, Officer McKee attempted a pat-down search of Sarah after Sarah had requested that a female officer do so.

9. As Sarah requested that a female officer conduct the pat-down search, Officer McKee struck her in the face, knocking her to the ground where she struck her head on a speed bump, cutting her face open.

10. Officer McKee then abruptly picked Sarah up off the ground by her left arm and, as later described in the probable cause affidavit, "place[d]" her on the pavement.

11. Officer Faw then ordered Sarah to sit in the grass to wait for emergency transport and subsequently swept Sarah's legs out from under her, taking her to the ground to be detained.

12. As a direct and proximate result of the unlawful conduct by Officers Faw and McKee, Sarah has suffered emotional distress, embarrassment, humiliation, physical injury and damages.

**COUNT I: 42 U.S.C. § 1983 CLAIMS AGAINST OFFICERS FAW AND MCKEE**

13. Sarah hereby incorporates all preceding paragraphs as though fully set forth below.

14. Officers Faw and McKee did not have reasonable suspicion or probable cause to detain Sarah.

15. Officers Faw and McKee violated Sarah's right under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unreasonable seizures.

16. A reasonable police officer would have known that detaining Sarah without any evidence of wrongdoing violated the U.S. Constitution.

17. Sarah's arrest for domestic battery was pretextual, retaliatory, and unsupported by probable cause.

18. Officers Faw and McKee collectively deprived Sarah of her rights, privileges, and immunities as secured by the laws and Constitution of the United States by illegally and unconstitutionally using unnecessary, unreasonable, and excessive force against her.

19. As a direct and proximate result of the Officers' actions, Sarah has suffered damages.

20. Sarah is entitled to attorney fees under 42 U.S.C. § 1988.

### COUNT II: STATE LAW CLAIMS AGAINST THE CITY OF INDIANAPOLIS

21. Sarah hereby incorporates all preceding paragraphs as though fully set forth below.

22. The actions of Officers Faw and McKee violated Indiana state law and constitute false arrest and battery.

23. Sarah filed a timely notice of tort claim.

24. The actions of Officers Faw and McKee occurred while in the course of their employment with the City of Indianapolis and while they acted under color of law.

25. The City of Indianapolis is liable to Sarah by respondeat superior for the actions of its Officers and also under the Indiana Tort Claims Act.

WHEREFORE, Sarah respectfully requests a judgment against Defendants that will fully and fairly compensate her for the damages she has suffered as a result of the Defendants' illegal actions toward her, attorney's fees, costs, and all other relief just and appropriate in the premises.

        Respectfully submitted,

        /s/ Robert D. King, Jr.
_____
Robert D. King, Jr. (#20963-49)
THE LAW OFFICE OF ROBERT D. KING, JR., P.C.
22 E. Washington St., Suite 310
Indianapolis, IN 46204
Phone: (317) 916-0000
Fax: (317) 955-1844
Email: rking@robkinglaw.com

4